UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

*Electronically Filed*

| | |
|---|---|
| TIMOTHY ROBINSON, on behalf of T.R., a Minor, ) ) ) | |
| PLAINTIFF ) ) | |
| v. ) ) | CIVIL ACTION NO. 5:17-cv-0338-KKC |
| ELI LILLY AND COMPANY, ) ) ) ) | |
| DEFENDANT ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT ELI LILLY'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, Timothy Robinson, on behalf of T.R., a minor child, by and through the undersigned counsel, for his Response in Opposition to Defendant Eli Lilly and Co.'s Motion for Protective Order, states as follows:

**I.    INTRODUCTION**

The foundation of the scientific method is the observation and interpretation of evidence, which allows us to better understand our world. This Court has charged Plaintiff with using this process to determine "whether *in utero* exposure to Prozac is capable of causing aortic stenosis or similar cardiac malfunctions." Dkt. No. 20 at p. 1 (quotation marks omitted). As the developer of Prozac, Defendant Eli Lilly and Company ("Eli Lilly") is charged with monitoring Prozac patient safety. Rule 30(b)(6) Deposition of Dr. Timothy Garnett ("Garnett Dep.") at 13:3-15 Excerpts attached as Exhibit 1. This monitoring has led Eli Lilly to possess a wealth of information regarding cardiac birth defects in the Prozac patient population. *Id.* at 8:9-15. This information gathering is carried out by a team at Eli Lilly led by James Krull. *Id*. Eli Lilly also

maintains a Pregnancy and Teratogenicity Committee which has discussed Prozac. *Id*. at 126:4-6; 128:22-129:8. Eli Lilly, despite its self-serving assertions to the contrary, cannot prove that the information Dr. Krull and the Pregnancy and Teratogenicity Committee possess is irrelevant to whether *in utero* exposure to Prozac can cause cardiac birth defects such as aortic stenosis. Consequently, its Motion for Protective Order should be denied.

## II. STANDARD OF REVIEW

"A party that seeks the issuance of a protective order pursuant to Rule 26(c) to protect it from annoyance, embarrassment, oppression, undue burden or expense has the burden to show good cause for the issuance of such an order." *UPS Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-CV-00609-GNS, 2018 U.S. Dist. LEXIS 112961, at *29 (W.D. Ky. Apr. 16, 2018)(citations omitted). "Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to make a strong showing why discovery should be denied." *Id.* at *30-31 (citations omitted). To meet this heavy burden, a party seeking a protective order "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, No. 11-75-JBC, 2011 U.S. Dist. LEXIS 139932, at *5 (E.D. Ky. Dec. 5, 2011)(citations and quotation marks omitted). "[M]ere conclusory statements will not be sufficient. The motion for protective order must address the good cause requirement of Rule 26(c); must describe the type(s) of documents[1] that require protection; and must include a Rule 26(c) certification indicating that the parties conferred in good faith." *Middleton v. Selectrucks of Am., LLC*, Civil Action No. 3:17-cv-602-RGJ, 2018 U.S. Dist. LEXIS 221749, at *2 (W.D. Ky. Sep. 19, 2018)

---

[1] Although Eli Lilly seeks to prevent deposition rather than document discovery in its Motion for Protective Order, said motion is brought pursuant to Fed. R. Civ. P. 26(c), and thus the same standard applies. *See* Dkt. No. at pp.4-5.

2

(citations omitted).

### III. FACTS

T.R., a high school student in Fayette County, underwent major heart surgery as a child due to a cardiac birth defect called supravalvular aortic stenosis, a form of left ventricular outflow tract obstruction. *See* Complaint at ¶ 3, 18. Her mother, Ms. Robinson, took Prozac during the first trimester of her pregnancy in late 2000, believing it was safe and would not cause cardiac defects in her unborn child. *Id.* at ¶ 1-2. Following initial motion practice regarding Plaintiff's claims arising from Ms. Robinson's ingestion of Prozac during pregnancy and T.R.'s subsequent injuries, this Court entered a scheduling which directed the parties to litigation the issue of specific causation before engaging in further discovery. Dkt. No 20 at pp.1-2. While silent on the issue of discovery depositions, the Court's Scheduling Order does allow the parties to "conduct discovery related to the issue of general causation" *Id.* at p. 2. Indeed, as Eli Lilly admits, it has engaged in written discovery, primarily a 2 million plus page document production and initial deposition pursuant to Fed. R. Civ. P. 30(b)(6). Dkt. No 29 at p. 3.

At his Deposition, Dr. Garnett testified that Mr. Krull was the person who prepared him to testify, and was currently in charge of the team responsible for Eli Lilly's pharmacovigilance related to Prozac. Garnett Dep. at 8:7-15; 122:13-123:2. Similarly, while Dr. Garnett was aware of Eli Lilly's Pregnancy and Teratogenicity Committee addressing issues related to Prozac in the past, he had limited knowledge of the content of those discussions. *See Id.* at 126:4-127:8; 128:22-129:17. Plaintiff thus seeks to depose Mr. Krull and a representative of the Pregnancy and Teratogenicity Committee. Eli Lilly refuses to produce the witnesses, instead filing the instant Motion for Protective Order. Emails between Counsel for Plaintiff and Counsel for Eli Lilly Attached as Exhibit 2.

## IV. ARGUMENT

### A. Plaintiff Seeks Deposition Testimony Regarding Information Within The Scope Of Phase 1 Of Discovery In This Action

Dr. Krull and the Pregnancy and Teratogenicity Committee possess information related to general causation in this case and should be produced for depositions by plaintiff's counsel. Eli Lilly cites to two cases in support of its contention that these depositions are beyond the scope discovery at this phase in the ligation. Dkt. No. 29 at pp.5-6. Each of these cases are factually and procedurally different from the case at bar, and thus should not guide the Court's analysis here. The first, *Anwar v. Dow Chem. Co.*, involved an appeal from a motion to dismiss for lack of personal jurisdiction and summary judgment where the plaintiff appellant, a U.S. citizen, sued her Dubai-based employer in the United States after she was unsatisfied with the damage award she received from a Dubai Court. 876 F.3d 841, 845-846 (6th Cir. 2017). While the Sixth Circuit in *Anwar* did also find that the District Court did not abuse its discretion in entering a protective order for additional depositions, it did so because "[appellant] does not allege that either [deponent] has personal knowledge regarding the events or of the investigation underlying the case." *Id*. at 853-54. Here, plaintiff seeks deposition testimony who *do* have knowledge of the potential cardiac teratogenic effects of Prozac *in utero* which makes citation to *Anwar* inappropriate here.

Eli Lilly's reliance on *Hans v. Matrixx Initiatives, Inc.* fairs no better. No. 3:04-CV-540, 2007 U.S. Dist. LEXIS 66105 (W.D. Ky. Sep. 5, 2007). The Court in *Hans* held that summary judgment was appropriate where the testimony of plaintiff's only expert witness had been excluded under *Daubert*. *Id.* at *10-*11. While the precedential value of *Hans* is attenuated at best considering the fact that this Court is yet to address the admissibility of the parties' experts

4

pursuant to *Daubert* in this litigation, Plaintiff does not deny that expert testimony is a requirement for establishing general causation in prescription cases and indeed the *Hans* Court's *Daubert* opinion does provide guidance for the Court's analysis in deciding the instant motion. There, the Court noted that both epidemiologic studies and individual cases reports were appropriate sources of information for an expert witness to use to support their opinions.[2] *Hans v. Matrixx Initiatives, Inc.*, No. 3:04CV-540-R, 2006 U.S. Dist. LEXIS 96779, at *17 (W.D. Ky. Sep. 29, 2006). Indeed, an expert witness "is permitted to rely on data provided to him where, as here, his analysis of that data is squarely within his field of expertise." *Castaic Lake Water Agency v. Whittaker Corp.*, No. CV 00-12613 AHM (Rzx), 2002 U.S. Dist. LEXIS 28681, at *29 (C.D. Cal. Oct. 24, 2002). Moreover, Courts have held that this includes testimony from the opposing party. *See Wilhelm v. Ameristep Corp.*, Civil Action No. 7:15-cv-00362, 2018 U.S. Dist. LEXIS 202944, at *45 (W.D. Va. Nov. 30, 2018).

This Eastern District of Kentucky has previously addressed the scope of depositions in bifurcated discovery in *Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, No. 11-75-JBC, 2011 U.S. Dist. LEXIS 139932 (E.D. Ky. Dec. 5, 2011). There, the defendants moved to bifurcate discovery on both their coverage counterclaim and the plaintiff's negligence and bad faith claims. *Id.* at *2-3. Defendant Nationwide Agribusiness Insurance also sought a protective order preventing depositions of any of its designees during the initial phase of discovery. *Id.* While the Court granted bifurcation, it ultimately denied Nationwide's motion for a protective order. *Id.* at *3, *5-6. Specifically, Nationwide sought a protective order because 'the information sought in Hardy's deposition is irrelevant to the contract claim and would violate a bifurcation order." *Id.*

---

[2] The plaintiff's expert opinions were ultimately precluded under Daubert because he could not show that the drug issue, the nasal spray Zicam, was able to reach the olfactory epithelium when applied in accordance with the label. *Id.* at *17-18. This was dispositive to the plaintiff' claims in that case, but is inapplicable to the Court's analysis in deciding the instant motion.

at *5-6. In rejecting this argument, the Court held that the good cause standard was not met because even with the discovery bifurcation the depositions did "not constitute a serious injury or undue burden." *Id.* at *6. Rather, the Court allowed the depositions to proceed, but limited them to topics related to the coverage claim at issue in the first phase of discovery. *Id.* at *7.

Here, Plaintiff seeks to take the depositions of two people. As stated above, Eli Lilly's own 30(b)(6) designee has testified to having actual knowledge of Prozac's propensity to cause cardiac stenosis, or similar birth defects *in utero*. Plaintiff may use this information to support the opinions of his expert witness in the case, and thus should be able to obtain it from Dr. Krull and Eli Lilly's Pregnancy and Teratogenicity Committee. While there is inevitable overlap between the information Eli Lilly possesses regarding the cardiac teratogenicity of Prozac, and what it did or did not do in response to that information, the latter cannot preclude discovery of former despite Eli Lilly's erroneous assertions to the contrary. That is simply not how discovery – even bifurcated discovery – works, and this Court should allow plaintiff to depose Dr. Krull and a designee from the Pregnancy and Teratogenicity Committee to obtain information each possesses about the cardiac teratogenicity of Prozac.

## VI. CONCLUSION

Because Plaintiff seeks to depose witnesses with knowledge related to the issue of general causation in this matter, Plaintiff respectfully requests that Eli Lilly's Motion for Protective Order be denied.

DATED this 16th day of August, 2019.

Respectfully submitted,

**JONES WARD PLC**

_s/ Alex C. Davis_____
Jasper D. Ward IV
Alex C. Davis
JONES WARD PLC
The Pointe
1205 E. Washington St., Suite 111
Louisville, Kentucky 40206
alex@jonesward.com
jasper@jonesward.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 16th day of August, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that such filing will result in electronic service on the following via the CM/ECF notification system.

Carol Dan Browning
Stites & Harbison
400 W. Market St., Suite 1800
Louisville KY 40202-3352

Andrew Kantra
Pepper Hamilton LLP
Eighteenth and Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103
*Counsel for Defendant Eli Lilly and Company*

_s/ Alex C. Davis_____
Alex C. Davis