**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| TIMOTHY ROBINSON, on behalf of T.R., a Minor, <br><br> PLAINTIFF <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> DEFENDANT | CIVIL ACTION NO. 5:17-cv-0338-KKC |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**I.  INTRODUCTION**

Expert discovery in this matter closed on August 14th. Plaintiff has been afforded full discovery of the data relevant to general causation, the issue to which Phase 1 of this litigation was limited. Plaintiff's sole expert, Dr. Thomas Sadler, has issued his report and been deposed on his general causation opinion. Eli Lilly and Company ("Lilly") is prepared to file its *Daubert* motion challenging that general causation opinion.

Although Dr. Sadler has never indicated any need for any information possessed by Dr. Jim Krull or a representative of the Pregnancy and Teratogenicity Safety Committee ("PTSC") to form his general causation opinion, Plaintiff insists that their depositions should proceed now. However, any knowledge that these witnesses have with respect to Prozac and birth defects relates to what Lilly did to evaluate the human safety data, which is quintessential Phase 2 liability discovery. Moreover, Plaintiff's expert admits that he lacks critical expertise to interpret and evaluate these data.

Because Phase 1 of discovery is only intended to test whether Plaintiff has an expert witness who can pass *Daubert* muster on the issue of general causation, Plaintiff has no legitimate need for his requested depositions at this time. The depositions would be burdensome and harassing to Lilly. Accordingly, the Court should grant Lilly's Motion for Protective Order.

## II. ARGUMENT

### A. The Requested Depositions are Irrelevant to the General Causation Opinion of Plaintiff's Expert

The requested depositions of Dr. Krull and a PTSC representative are not relevant to Phase 1 general causation discovery. These witnesses can speak to how Lilly evaluated a potential risk of cardiac defects associated with Prozac, but general causation focuses on what the totality of scientific data show, not the liability issue of what the company did or did not do. Plaintiff and his expert have access to the relevant studies and data (including volumes of data produced by Lilly) that bear on the issue of general causation. Plaintiff's expert has never claimed that additional company witness testimony is necessary for him to form his general causation opinion. Company witness testimony will be relevant if this case proceeds to Phase 2.

Plaintiff argues that it is generally appropriate for an expert to rely on company witness testimony, citing *Wilhelm v. Ameristep Corp.* (Pl. Br. at 5). But, *Wilhelm* held only that an expert could consider a company witness's knowledge regarding the company's products in evaluating whether the warnings that accompanied the product were adequate (i.e. liability). *Wilhelm*, No. 7:15-cv-00362, 2018 U.S. Dist. LEXIS 202944, *45 (W.D. Va. Nov. 20, 2018). It nowhere suggested that company witness depositions were relevant to proving general causation.

Even if it were appropriate for Dr. Sadler to rely on company witness testimony, Plaintiff concedes that an expert can rely on information only "when it is squarely within his field of expertise." (Pl. Br. at 5) (citing *Castaic Lake Water Agency v. Whitaker Corp.*, No. CV

00-12613, 2002 U.S. Dist. LEXIS 28681, *29 (C.D. Cal. Oct. 24, 2002). Here, Dr. Krull and the PTSC have knowledge of Lilly's evaluations of the human data with respect to Prozac and cardiac birth defects. (*See* Lilly's Initial Br. at 4-5; *see also* Garnett Tr. at 8:9-15, 122:21-123:2, 126:4-129:8, attached as Ex. 1 to Pl. Br.). However, Dr. Sadler admitted that he lacked expertise and training relevant to the evaluation and interpretation of these data.[1] He also agreed that adverse event data cannot be used to establish causation, but rather can only show a potential signal.[2] Plaintiff's position that the requested depositions will support his expert's opinion is therefore untenable.[3]

### B. There Are No Other Legitimate Reasons for the Requested Depositions

To support his argument that company witness depositions are appropriate during this general causation phase of bifurcated discovery, Plaintiff relies principally on *Hardy Oil v. Nationwide Agribusiness Ins. Co.*, No. 11-75-JBC, 2011 U.S. Dist. LEXIS 139932 (E.D. Ky. 2011). (Pl. Opp. at 5). However, *Hardy* held only that depositions of party witnesses could take place during the first phase of bifurcated discovery to the extent that the questioning was "*limited . . . to a discussion of topics related only to the coverage claim,*" the topic at issue in that phase. *Id.* at *7 (emphasis added). Plaintiff here, in contrast, seeks to depose Lilly witnesses whose testimony is irrelevant to the Phase 1 inquiry of general causation. Furthermore, Plaintiff has previously demonstrated his willingness to disregard the parameters of

---

[1] *See* Tr. of Dep. of Dr. Thomas W. Sadler at 72:14-73:6, 74:4-75:10, 104:11-19, 181:9-12, 191:4-192:14, 198:11-23, conducted Aug. 13, 2019, attached as Ex. 1 hereto.

[2] *Id.* at 202:16-24, 203:16-204:7.

[3] Lilly notes that Dr. Sadler has previously been excluded from providing an opinion on human causation in other SSRI antidepressant birth defects litigation. *See In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 26 F. Supp. 3d 466, 471 (E.D. Pa. 2014), aff'd 858 F.3d 787 (3d Cir. 2017).

general causation discovery (*see* Lilly's initial Br. at 3-4), and he should not be permitted to continue this with Dr. Krull and the PTSC representative.

Plaintiff spends most of his brief drawing factual distinctions between this matter and two cases that Lilly cited for uncontroversial legal propositions, not for their alleged factual similarity. Lilly cited (1) *Anwar v. Dow Chem. Co.*, 876 F. 3d 841 (6th Cir. 2017) for the proposition that "a showing of irrelevancy of proposed discovery can satisfy the 'good cause' requirement of Rule 26(c)," and (2) *Hans v. Matrixx Initiatives*, No. 3:04-CV-540, 2007 U.S. Dist. LEXIS 66105 (W.D. Ky. Sep. 5, 2007) for the proposition that general causation must be proved by expert testimony. (See Lilly's initial Br. at 2, 6) Plaintiff does not and cannot take issue with these general legal principles, and wholly ignores the cases cited on pages 7-8 of Lilly's brief regarding the inappropriateness of questioning company fact witnesses on ultimate issues like general causation.

Finally, Plaintiff's brief misrepresents the factual record. Plaintiff claims that a Lilly Rule 30(b)(6) witness, Dr. Timothy Garnett, "testified to having actual knowledge of Prozac's propensity to cause cardiac stenosis or similar birth defects in utero." (Pl. Opp. at 3, 6). Plaintiff then claims that Dr. Krull prepared Dr. Garnett for his deposition, (Pl. Opp. at 3), implying that Dr. Krull possesses some unique knowledge that Prozac can cause birth defects. Dr. Garnett never stated that Prozac had a propensity to cause aortic stenosis or any other cardiac birth defects, and Plaintiff provides no supporting citation to the transcript. To the contrary, Dr. Garnett clearly testified that Lilly's position is that there is a "possibility of Prozac being associated with birth defects, but it has not been proven."[4]

---

[4] Tr. of Dep. of Dr. Timothy Garnett at 115:19-21, conducted June 24, 2019, attached as Ex. 2 to Lilly's initial motion; *see also id.* at 116:7-9 (explaining that "the FDA's position that causal relationship has not been established is one that we would agree with").

With respect to the requested PTSC deposition, Plaintiff does not even attempt to rebut the points raised in Lilly's initial brief that the PTSC has only addressed Prozac and birth defects on one occasion, and did not make a determination relevant to general causation. (*See* Lilly's Br. at 7.) In short, Plaintiff offers no valid justification for deposing either Dr. Krull or a representative of the PTSC at this time. Allowing the depositions to proceed would undermine the purpose of the phased discovery the Court ordered.

### III. CONCLUSION

For all of the reasons set forth in Lilly's initial brief and in this supporting reply, the Court should enter a protective order preventing the depositions of Dr. Krull and a representative of the PTSC from going forward.

Dated: August 30, 2019

Respectfully submitted,

/s/ Carol Dan Browning
Carol Dan Browning
Stites & Harbison
400 W. Market Street, Suite 1800
Louisville, KY 40202-3352
cbrowning@stites.com
502-681-0516

Andrew Kantra
*Admitted Pro Hac Vice*
Pepper Hamilton LLP
Eighteenth and Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103-2799
kantraa@pepperlaw.com
(215) 981-4000

*Attorneys for Defendant Eli Lilly and Company*

## **CERTIFICATE OF SERVICE**

I, Carol Dan Browning, hereby certify that on this 30th day of August, 2019, pursuant to the Federal Rules of Civil Procedure, I did cause to have a true and correct copy of the foregoing Reply in Support of Motion for Protective Order served via ECF upon Plaintiff's counsel as follows:

>Alex C. Davis
>Jones Ward PLC
>The Pointe
>1205 E Washington Street, Suite 111
>Louisville, Kentucky 40206
>alex@jonesward.com

>/s/ Carol Dan Browning
>Carol Dan Browning