UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| TIMOTHY ROBINSON, on behalf of T.R., a Minor, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-cv-0338-KKC |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT | ) | |

PLAINTIFF'S MOTION TO COMPEL ELI LILLY CO. TO PRODUCE
PROZAC BABY BIRTH DEFECT REPORTS

Plaintiff, Timothy Robinson, on behalf of T.R., a minor child, by and through the undersigned counsel, and pursuant to Local Rule 37.1, moves the Court for an Order compelling Defendant Eli Lilly Co. to produce certain reports related to birth defects in babies caused by the anti-depressant drug Prozac. As grounds therefore, Plaintiff states that he served the discovery at issue on Dec. 7, 2018, and, to date, has received only a partial response from Defendant. Because Plaintiff has been unable to procure a complete production without court intervention, Plaintiff requests an Order from this Court compelling discovery.

I.      Procedural History

This products liability case involves Defendant's anti-depressant drug Prozac, and its connection to certain cardiac birth defect injuries suffered by Plaintiff's teenage daughter who resides in Lexington, Kentucky.  After this Court agreed to bifurcate discovery, Eli Lilly produced more than 2.1 million pages of documents in response to Plaintiff's discovery requests. The discovery at this stage is limited to "whether in utero exposure to Prozac can cause aortic stenosis

1

or similar cardiac malfunctions," pursuant to the Court's November 5, 2018 Scheduling Order. Both parties have produced expert reports, but briefing on general causation has not yet commenced.

## II.    Facts

On Dec. 7, 2018, Plaintiff served Defendant with a set of discovery requests, including 11 Interrogatories and 25 Requests for Production of Documents. **Exhibit A**. Defendant responded in writing to these requests the next month with a series of objections, and in many cases it refused to produce responsive documents at all. **Exhibit B**. Defendant did not begin producing actual documents until February 2019, but it then made up for lost time by producing massive volumes of documents on a rolling basis in the coming months, eventually surpassing 2.1 million pages of documents. While impressive in terms of sheer numbers, the documents were nearly impossible to use, in part because Eli Lilly, in its written responses, did not provide a key or chart to the production. Thus, Plaintiff had no way of telling which documents were produced in response to particular requests or queries.[1]

Plaintiff appreciates the productions made to date, but respectfully believes they remain inadequate for numerous reasons. Specifically, Plaintiff requested copies of the "disproportionality analyses conducted by Eli Lilly's safety surveillance team since 2011 for Prozac." [2] A

---

[1] Eli Lilly did provide a chart for some documents, but the chart only showed the Bates ranges of the documents that were connected to particular custodians.

[2] Plaintiff believes these documents should have been produced in response to Plaintiff's initial discovery requests. Following the deposition of Eli Lilly's corporate representative in Indianapolis, Plaintiff renewed his request, and mentioned the above-quoted material in an email to counsel for Eli Lilly sent on August 13, 2019.

disproportionality analysis is a quick and inexpensive tool used by pharmaceutical companies to

determine the safety of a particular drug.[3]

### III.    Argument

Eli Lilly's discovery productions to date constitute a  classic "document dump." Instead of

providing actual responsive documents, Eli Lilly has objected to every one of Plaintiff's requests,

in many cases refusing to provide documents at all. See, e.g., Exhibit B. When it did provide

documents, it did so in voluminous batches with no road map or guide beyond a list of custodians.

Courts generally disfavor such document dumps, in part because they don't comply with Rule

33(d). *Cleveland Constr., Inc. v. Gilbane Bldg. Co.*, No. 05-471-KSF, 2006 U.S. Dist. LEXIS

53254, at *18-19 (E.D. Ky. July 31, 2006)(citing *Johnson v. Kraft Foods North America, Inc.,*236

F.R.D. 535, 2006 U.S. Dist. LEXIS 40923, 2006 WL 1675942 (D. Kan. 2006), and *DIRECTV,*

*Inc. v. Puccinelli,* 224 F.R.D. 677 (D. Kan. 2004)).

Plaintiff seeks to compel production of a narrow set of highly relevant documents related

to the issue of general causation. Similar cases involving the same products have been in litigation

for years, and some of those cases have advanced far into discovery. It is quite possible that,

unbeknownst to Plaintiff, Eli Lilly already has produced these very same reports in other lawsuits.

Plaintiff's request for copies of these analyses is highly relevant to the current stage of discovery,

because the results will show Eli Lilly's most recent internal discussions of the connection between

ingestion of Prozac by pregnant mothers and resulting birth defects. The documents may also

obviate the need for depositions of certain Eli Lilly custodians, which are the subject of a pending

discovery dispute related to depositions. Dkt. 29, Defendant Motion for Protective Order, July 26,

---

[3] See, e.g., Montastruc, et. al., *Benefits and Strengths of the Disproportionality Analysis for Identification of Adverse Drug Reactions in a Pharmacovigilance Database*, Br. J. Clin. Pharmacol (2011 Dec.), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3244636/

2019 (seeking to bar the noticed depositions of Lilly employee Kim Krull and a representative of the company's Pregnancy and Teratogenicity Committee, which studies birth defects).

Counsel for both parties met and conferred on multiple occasions to discuss the current pending request, and have been unable to reconcile their differences of opinion. *See* Certificate of Consultation, filed contemporaneously with this memorandum. Defendant's position, articulated August 21, 2019, via email, is as follows:

> Lilly objects to the production of all Prozac disproportionality analyses since 2011. The request is overbroad and not relevant to the general causation issues that are the subject of this stage of the litigation. Lilly has produced spontaneous adverse event reports in the NDA and from LSS, as well as disproportionality analyses of spontaneous adverse event reports in the key safety, medical and regulatory custodians previously identified.

Eli Lilly also argues it shouldn't be required to produce the reports because Plaintiff's expert, Dr. Sadler, is not an expert in adverse event reporting, and because the reports "do no more than detect a signal" related to birth defects. Plaintiff disagrees, and believes the reports will yield useful information about the causal relationship between ingestion of Prozac by pregnant women and cardiac birth defects in newborn babies. This relationship may not require expert testimony, if Eli Lilly's own employees acknowledge the causal relationship in their analyses. Plaintiff has reason to believe this is the case, partly because Eli Lilly's own Rule 30(b)(6) corporate representative — and the company's Chief Medical Officer — had no knowledge of the documents produced so far in the litigation. Deposition of Dr. Timothy Garnett at Line 18, Page 29 (stating that he had "… no knowledge at all" about the documents in the litigation). Plaintiff nonetheless learned important information during this deposition about the role of the disproportionality analyses, which should not be difficult for Eli Lilly to produce, especially where all of the reports are from recent years. Eli Lilly has produced other documents in its 2.1 million page dump that are far more obscure than the reports sought here. For example, it has produced thousands of

4

individual reports related to birth defects in individual patients. Plaintiff respectfully submits that a broader analysis of these defects is far more useful than thousands of pages of individual reports. Eli Lilly also has shown a pattern of concealing information from the public and from the legal system about the drug Prozac, evidenced as recently as this week in the form of media coverage about its efforts to conceal a $20 million payment to Prozac victims in a jury trial.[4]

When a party fails to respond to a request for inspection, the discovering party may move for an order compelling production. Furthermore, an evasive or incomplete answer is treated as a failure to answer. Plaintiff properly served Defendant with Requests for Production of Documents. Eli Lilly has failed to produce the documents requested, and/or indicated that they do not intend to provide the documents. Pursuant to Local Rule 37.1, Plaintiff now moves for an Order compelling Defendant to respond to the pending discovery requests, specifically as they relate to the disproportionality analyses performed by Eli Lilly for the drug Prozac from 2011 to present. As Plaintiff has filed Requests for Production of Documents to Defendant which have not been answered in the time allowed, and whereas Plaintiff has been unable to get Defendant to agree to production by a date certain, and pursuant to Rule 37.1 Plaintiff respectfully requests this Court to enter an Order giving the Defendant no more than thirty (30) days from the date of this Court's Order to provide a complete Production of Documents in this case.

DATED this 12th day of September, 2019.

---

[4] Andrew Wolfson, *Prozac-Maker Secretly Paid Millions to Secure Favorable Verdict in Mass-Shooting Lawsuit,* Louisville Courier-Journal (Sept. 11, 2019) (quoting the Kentucky Supreme Court's decision in the case, in which it wrote that "In this case, there was a serious lack of candor with the trial court, and there may have been deception, bad-faith conduct, abuse of the judicial process or perhaps even fraud. We cannot tolerate even the possibility of such conduct."), available at https://www.courier-journal.com/story/news/investigations/2019/09/11/standard-gravure-shooting-drugmakers-secret-payment-revealed-mass-shooting-lawsuit/2263776001/

Respectfully submitted,

**JONES WARD PLC**

  s/ Alex C. Davis
Jasper D. Ward IV
Alex C. Davis
JONES WARD PLC
The Pointe
1205 E. Washington St., Suite 111
Louisville, Kentucky 40206
alex@jonesward.com
jasper@jonesward.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of September, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that such filing will result in electronic service on the following via the CM/ECF notification system.

Carol Dan Browning
Stites & Harbison
400 W. Market St., Suite 1800
Louisville KY 40202-3352

Andrew Kantra
Pepper Hamilton LLP
Eighteenth and Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103
*Counsel for Defendant Eli Lilly and Company*

  s/ Alex C. Davis
Alex C. Davis

6

7