UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

TIMOTHY ROBINSON, on behalf of T.R.,
a Minor,

    PLAINTIFF

v.

ELI LILLY AND COMPANY,

    DEFENDANT

CIVIL ACTION NO. 5:17-cv-0338-KKC

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

Plaintiff, Timothy Robinson, on behalf of T.R., a minor, ("Plaintiff"), by counsel, pursuant to Civil Rules 26, 33 and 34, propounds the following Interrogatories and Requests for Production of Documents on Defendant Eli Lilly and Company ("Defendant"), to be answered under oath and in writing within thirty (30) days of service.

**DEFINITIONS AND INSTRUCTIONS**

A. The terms "you" and "your" and "Defendant" and "Lilly" refer to Defendant Eli Lilly and Company, and any other person acting or purporting to act on their behalf, including, but not limited to, agents, employees, officers, adjusters, representatives, servants, investigators, parent companies, subsidiaries, and affiliates.

B. The term "person" refers to any natural person, firm, association, partnership, corporation, or other form of legal business entity.

C. As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of you or the person specifically identified in the interrogatory.

D. The term "document" or "writing" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written material, book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, text message, instant message, email, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control.

E. The term "communication" means any oral or written communication, statement, correspondence, or comment, of any nature whatsoever, including, but not limited to, correspondence, conversations, telephone calls, dialogues, emails, text messages, electronic group chats, discussions, interviews, consultations, agreements, and other exchange of words between two or more people.

F. As used herein, the terms "identification," "identify," or "identity," when used in reference to (a) a natural individual, require you to state his or her full name and residential and business addresses; (b) a corporation, require you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the addresses of all of its offices; (c) a business, require you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it

conducts those businesses, and the identity of the person or persons who own, operate, control the business; (d) a document, require you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

G. As used herein, the terms "relation," "pertaining to," "relating to," "related to" or "related" mean pertaining in any way to, referring to, reflecting, recording, memorializing, mentioning, constituting, describing or concerning, directly or indirectly.

H. "Prozac" or "fluoxetine" shall refer to the selective serotonin reuptake inhibitor ("SSRI") fluoxetine hydrochloride manufactured and sold by Defendant for the treatment of depression and other psychiatric disorders. These terms shall be used synonymously.

I. "Congenital heart defect" shall refer to supra valvular aortic stenosis and similar cardiac malfunctions.

J. "Off-label" shall refer to any use of Prozac not indicated in the FDA-approved labeling for Prozac.

K. "Maternal use" shall refer to the use of Prozac by a woman during pregnancy.

L. "Subject" shall refer to any human participant, animal, or in vitro model used in any clinical or pre-clinical trial.

## **INSTRUCTIONS**

A. With respect to each interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto.

B. If any or all documents identified herein are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state in as much detail as possible the contents of the document; and I state the manner and date of disposition of the document.

C. If any of the documents identified herein are deemed to be privileged materials and such privilege is asserted, a list is to be furnished identifying each document so withheld together with the following information:

    (a)    the privilege or other ground of nondisclosure asserted;

    (b)    a statement of facts constituting the basis for the claim of privilege or other ground of nondisclosure;

    (c)    a brief description of the document, including:

        (i)    the date of the document;

        (ii)    the names of its author(s) or preparer(s) and identification by employment and title of each such person;

        (iii)    the names of each person who was sent or had access to or custody of the document, together with an identification by employment of each such person; and

Case: 5:17-cv-00338-KKC   Doc #: 44-3   Filed: 09/12/19   Page: 5 of 15 - Page ID#: 515

      (iv)    the paragraph of this request to which the document relates.

D. When an interrogatory requires you to "state the basis of" a particular claim, contention, or allegation, state in your answer the identity of each and every document, writing and communication and each and every legal theory that you think supports, refers to, or evidences such claim, contention, or allegation, as well as stating the evidence and testimony upon which you will rely to establish the claim, contention or allegation.

E. These interrogatories shall be deemed continuing so as to require additional answers if you acquire additional information between the time the answers are served and the time of trial. Such additional answers shall be served seasonably, but not later than thirty (30) days after such further information is received.

F. Each interrogatory is to be considered as having been asked individually of you and you shall file separate answers, first giving the question, followed by your response.

G. Wherever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," " every," "any," and "all" shall be deemed to include each of the other functional words.

H. Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered interrogatory.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons and experts who have been retained, specially employed, consulted and/or who are expected to testify at trial and the substance of the facts and opinions of each such person or expert.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify any and all clinical and/or pre-clinical trials of Prozac sponsored by Eli Lilly.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify any and all clinical and/or pre-clinical trials of Prozac in pregnant subjects sponsored by Eli Lilly.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify, by style and case number, each and every lawsuit filed in a court of law in the United States in which it was alleged that maternal use of Prozac caused congenital heart defects.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify all adverse event reports, including spontaneous case reports and clinical trial reports, of congenital heart defects where Prozac is the suspect drug.

**ANSWER:**

**INTERROGATORY NO. 6:** Describe the system that Eli Lilly utilized to report problems, adverse event reports, or other complaints regarding Prozac, and provide the number of adverse event reports for Prozac submitted to the FDA related to congenital heart defects for each year from approval to present.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify any independent research done by you directly, or commissioned by you, on the effects of maternal use of Prozac.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify all documents in Eli Lilly's possession related to off-label use of Prozac, including but not limited to all sales materials provided by Eli Lilly to Gina Robinson's healthcare providers, and internal sales training materials.

**ANSWER:**

**INTERROGATORY NO. 9:** If you contend that any of the injuries complained of in Plaintiff's Complaint were caused by or contributed to by the Plaintiff or any other person or entity, including any other physician, hospital, nurse, other health care provider, third-party,

manufacturer or event, please state: (a) the facts upon which you base such a claim; (b) the name, current address, and current employer of each person whom you believe or allege was or may have been negligent; and (c) the location, date, and time of any event or happening you allege you may have caused or contributed to T.R. Robinson's congenital heart defect.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify any requests by any health authority or governmental organization, including but not limited to the National Institutes of Health (NIH), World Health Organization (WHO), and US Food and Drug Administration (FDA), to investigate the effects of maternal use of Prozac during pregnancy.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify any epidemiological studies, including but not limited to retrospective observational studies and randomized controlled trials, commissioned or sponsored by Eli Lilly, relating in any way to the maternal use of Prozac during pregnancy and congenital heart defects.

**ANSWER:**

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Produce a copy of all documents previously produced or to be produced by Lilly in other U.S. lawsuits related to maternal Prozac use and the risk of congenital heart defects.

**ANSWER:**

**REQUEST NO. 2:**   Produce all documents referenced in Defendant's initial disclosures in the instant matter pursuant to Rule 26.

**ANSWER:**

**REQUEST NO. 3:**   Produce the custodial and personnel file of Dr. Tim Garnett, Dr. David Walter Johnson, identified in Defendants' initial disclosures.

**ANSWER:**

**REQUEST NO. 4:**   Produce all adverse event data, foreign and domestic, relating to Prozac concerning congenital heart disease; pulmonary hypertension; ventricular septal defects; atrial septal defects; supra valvular aortic stenosis; and/or any other similar cardiac malfunction.

**ANSWER:**

**REQUEST NO. 5:**   Produce all documents which relate, refer to, or embody draft or final Signal Investigations and/or Signal Assessments involving maternal Prozac use and congenital heart defects.

**ANSWER:**

**REQUEST NO. 6:** Produce all documents relating in any way to the original FDA approval of Prozac and/or any supplemental approvals related in any way to maternal Prozac use.

**ANSWER:**


**REQUEST NO. 7:** Produce all draft and final clinical study reports, including appendices and case report forms, relating to maternal Prozac use.

**ANSWER:**


**REQUEST NO. 8:** Produce all Product Information Requests, Physician Information Requests, Professional Inquiry Requests, or other materials evidencing communications from company sales representatives or healthcare providers relating to maternal Prozac use during pregnancy and congenital heart defects.

**ANSWER:**


**REQUEST NO. 9:** Produce all documents which relate, refer to, or embody adverse event reports received from any source relating to maternal Prozac use during pregnancy and congenital heart defects, including but not limited to underlying reports, internal communications, and follow-up attempts.

**ANSWER:**

**REQUEST NO. 10:** Produce all documents which relate, refer to or embody the addition or revision of information related to maternal Prozac use during pregnancy to the product label for Prozac.

**ANSWER:**

**REQUEST NO. 11:** Produce all documents which relate, refer to or embody the 2012 BMJ article "Exposure to selective serotonin reuptake inhibitors and the risk of congenital malformations: a nationwide cohort study", and/or the 2015 BMJ article "Selective serotonin reuptake inhibitors and venlafaxine in early pregnancy and risk of birth defects: population based cohort study and sibling design", including but not limited to communications with the authors of the referenced studies or attempts to communicate with the authors of the referenced studies.

**ANSWER:**

**REQUEST NO. 12:** Produce all documents in your possession, custody, or control which relate, refer to, or embody any published study or abstract related to maternal Prozac use and congenital heart defects.

**ANSWER:**

**REQUEST NO. 13:** Produce all documents which relate, refer to or embody the Medicines and Healthcare Products Regulatory Agency ("MHRA") UK September 2011 Public Assessment Report "Fluoxetine: may slightly increase risk of heart defects in an unborn child if taken during pregnancy", including but not limited to communications with the MHRA.

**ANSWER:**

**REQUEST NO. 14:** Produce all documents which relate, refer to, or embody any communication, report or inquiry between Defendant and the MHRA, National Institutes of Health (NIH), World Health Organization (WHO), the FDA, or any Foreign Government Regulatory Authority in regard to Prozac use during pregnancy and congenital heart defects.

**ANSWER:**

**REQUEST NO. 15:** Produce all documents which relate, refer to, or embody follow-up or long-term study of participants in any clinical studies regarding Prozac or fluoxetine, including but not limited to safety and efficacy results obtained after approval of the NDA or ANDA, or after conclusion of the initial study period.

**ANSWER:**

**REQUEST NO. 16:** Produce all investigator's brochures for any pre-clinical and/or clinical trials of Prozac sponsored by Eli Lilly.

**ANSWER:**

**REQUEST NO. 17:** Produce all study protocol for any pre-clinical and/or clinical trials of Prozac sponsored by Eli Lilly.

**ANSWER:**

**REQUEST NO. 18:** Produce all draft and final study reports for any pre-clinical and/or clinical trials of Prozac sponsored by Eli Lilly.

**ANSWER:**

**REQUEST NO. 19:** Produce all investigator's brochures for any post-marketing studies of Prozac sponsored by Eli Lilly.

**ANSWER:**

**REQUEST NO. 20:** Produce all study protocol for any post-marketing studies of Prozac sponsored by Eli Lilly.

**ANSWER:**

**REQUEST NO. 21:** Produce all draft and final study reports for any post-marketing studies of Prozac sponsored by Eli Lilly.

**ANSWER:**

**REQUEST NO. 22:** If you contend that any of the injuries complained of in Plaintiff's Complaint were caused by or contributed to by the Plaintiff or any other person or entity, including any other physician, hospital, nurse, other health care provider, third-party, manufacturer or event, produce any and all documents upon which you base or support your claim.

**ANSWER:**

**REQUEST NO. 23:** Produce any and all documents upon which you base or support your claim that Prozac did not cause or contribute to Plaintiff's injuries.

**ANSWER:**

**REQUEST NO. 24:**  Produce any requests by any health authority or governmental organization, including but not limited to the National Institutes of Health (NIH), World Health Organization (WHO), and US Food and Drug Administration (FDA), to investigate the effects of maternal use of Prozac, as well as any responsive materials submitted including drafts.

**ANSWER:**

**REQUEST NO. 25:**  If you contend a causal relationship between maternal Prozac use and congenital heart defects is not biologically plausible, produce any and all documents upon which you base or support your claim.

**ANSWER:**

Respectfully Submitted,

/s/ *Alex C. Davis*
Alex C. Davis
Jasper D. Ward IV
Jones Ward PLC
1205 E. Washington St., Suite 111
Louisville, KY 40206
(502) 882-6000
Alex@jonesward.com
Jasper@jonesward.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day sent a true and correct copy of the above document to the below counsel of record.

This 7th day of December, 2018.

Carol Dan Browning
Stites & Harbison
400 W. Market Street, Suite 1800
Louisville, KY 40202-3352
cbrowning@stites.com
502-681-0516

Andrew Kantra
*Admitted Pro Hac Vice*
Pepper Hamilton LLP
Eighteenth and Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103-2799
kantraa@pepperlaw.com
(215) 981-4000

*Attorneys for Eli Lilly and Company*

                                                   /s/ *Alex C. Davis*
                                                   Alex C. Davis