**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

TIMOTHY ROBINSON, on behalf of T.R., a
Minor,

      PLAINTIFF

v.

ELI LILLY AND COMPANY,

DEFENDANT

CIVIL ACTION NO. 5:17-cv-0338-
KKC

**ELI LILLY AND COMPANY'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

      Defendant Eli Lilly and Company (hereinafter "Lilly"), pursuant to Federal Rules

of Civil Procedure 26 and 34, hereby responds to Plaintiff's First Set of Requests for Production

as follows.

**PRELIMINARY STATEMENT**

      Lilly makes its responses and production pursuant to and consistent with the

Court's November 5, 2018 Scheduling Order limiting discovery at this time to "whether *in utero*

exposure to Prozac can cause aortic stenosis or similar cardiac malfunctions."  Lilly's responses

and production are made in a good faith effort to facilitate an efficient discovery process.  By

making these responses and/or producing documents, Lilly does not waive any objection it may

have under any applicable law as to the discovery or admissibility of such evidence.  Each

specific response, and any documents produced in connection with a specific response, is subject

to all objections as to competence, relevance, materiality, propriety and admissibility under

federal or state law, and any other objection that would require the exclusion of any statement or

document if made in court.  The fact that Lilly has responded to all or part of any request is not

intended as, and shall not be construed as, a waiver of any objection to any request.  Lilly

reserves all such objections and shall raise them at trial as warranted by the applicable law and

the facts of this case.

Lilly's investigation into the issues presented by this set of requests for production

is continuing.   Lilly reserves the right to: (1) amend or supplement these responses as it

continues discovery in this case and identifies additional facts, witnesses, and evidence; (2),

conduct further investigation and discovery regarding facts, witnesses, and evidence which are

mentioned in these responses; and (3) produce any additional evidence at trial or in connection

with any pretrial proceeding.

Lilly states that except for facts expressly admitted in these responses, Lilly

intends no incidental or implied admissions.  The fact that Lilly has responded to or objected to

any request or any part thereof should not be taken as an admission by Lilly that it accepts or

admits the existence of any facts set forth or assumed by any such request, or that such response

or objection constitutes admissible evidence.

Many of Plaintiff's requests demand information and/or documents concerning

Prozac and "congenital heart defects," the risk of Prozac use causing "congenital heart defects,"

and other descriptions of similar import.  In responding to such requests, Lilly does not concede

or adopt any implication, suggestion, or assertion stated in the requests, and, on the contrary,

denies that there is a causal relationship of any type between the use of Prozac and the

occurrence or increased risk of congenital heart defects, including those alleged in this case.

## SCOPE OF DOCUMENT PRODUCTION

In connection with Plaintiff's First Set of Requests for Production, Lilly will

produce certain documents that contain responsive information.  Pursuant to the Court's

November 5, 2018 Scheduling Order, and subject to the Protective Order and ESI Protocol

entered by the Court on December 20, 2018, Lilly agrees to produce documents relating to the issue of "whether *in utero* exposure to Prozac can cause aortic stenosis or similar cardiac malfunctions" in the IND/NDA and Custodial File Productions described below and as set forth in response to specific requests.   Lilly will produce the Prozac Investigational New Drug Application and New Drug Application as previously produced in prior litigation involving Prozac and cardiac birth defects, which has a date scope cut-off of June 2014 (hereinafter "the IND/NDA Production").   Lilly will also produce previously-produced documents from prior litigation from the following custodians, who had either primary responsibility in medical, safety, and regulatory for Prozac or significant involvement relating to the safety or labeling of the use of Prozac during pregnancy (hereinafter "the Custodial File Production").

| | |
|---|---|
| Tollefson, Gary | Cheng, Yingkai |
| Beasley, Charles | Yuer, Yan |
| Acharya, Nayan | Sheehan, Kevin |
| Brophy, Greg | Strombom, Indiana |
| Plewes, John | Camporeale, Angelo |
| Talbott, M.W. | Long, Paula |
| Franson, Timothy | Tarwater, O. Reed |
| Johnson, David Walter | Arning, Barbara |
| Goldstein, David | Chhabra-Khanna, Rashna |
| Byrd, Richard | Daywitt, Patricia |
| Fung, Man | Garnett, Tim |

The materials that Lilly will produce in response to Plaintiff's requests are those materials described in the responses below (a) that are not protected from disclosure by attorney-client privilege, attorney work product, laws requiring the protection of privacy, including privacy of medical information, of persons who are not parties to this lawsuit, or any other applicable privilege, and (b) that, subject to the objections stated in individual responses and the General Objections, Lilly, through reasonable searches, identifies as responsive.  Responsive documents that contain information required to be protected under any privacy law (such as patient-identifying information) will be produced with the protected material redacted from the

documents.  Other information that may be redacted includes, but is not limited to, trade secrets; confidential commercial information; products manufactured by Lilly other than medications manufactured, distributed, and/or sold under the trade name Prozac; manufacturing methods or processes, including quality control procedures; production, sales, distribution, and similar data and information; and quantitative or semi-quantitative formulas.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS IN PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Lilly objects to the "Instructions" labeled A though H to the extent that they seek to impose on Lilly obligations beyond those set out in the Federal Rules of Civil Procedure and are therefore unduly burdensome and oppressive.  Lilly will comply with its obligations under the Federal Rules of Civil Procedure.  Lilly further objects to the "Instructions" to the extent that they conflict with or seek to impose on Lilly any obligations beyond those set forth in the agreed upon Protective Order and ESI Protocol.

Lilly objects to Definition A ("You" and "Your," "Defendant," and "Lilly") to the extent that the definition purports to impose on Lilly obligations beyond those set out in the Federal Rules of Civil Procedure.  These responses are made solely on behalf of Lilly, the entity to whom the requests are addressed.

Lilly objects to Definition C ("Representative") to the extent that the definition purports to impose on Lilly obligations beyond those set out in the Federal Rules of Civil Procedure.  These responses are made solely on behalf of Lilly, the entity to whom the requests are addressed.

Lilly objects to Definition D ("Document" or "Writing") on the grounds that the definition is vague and ambiguous and causes requests containing the term to be overly broad, to seek information neither relevant to any claim or defense in this action nor proportional to the

needs of this case, and to be unduly burdensome or oppressive.  Lilly also objects to the definition to the extent it purports to impose any requirements, obligations or duties not prescribed by the Federal Rules of Civil Procedure.  As such, Lilly objects to the definition of the terms as encompassing telex, telegram, text message, instant message, cable, tape, "or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter" to the extent that such definition would require the production of transient or ephemeral data, from data sources not reasonably accessible, or the production of such data would be duplicative, unduly burdensome, or the burdens disproportionate to the benefits.  Lilly further objects to the extent that the definition purports to include documents, data, and tangible things that are not reasonably accessible or are not within Lilly's possession, custody, or control.

Lilly objects to Definition E ("Communication") on the grounds that the definition is vague and ambiguous and causes requests containing the term to be overly broad, to seek information neither relevant to any claim or defense in this action nor proportional to the needs of this case, and to be unduly burdensome or oppressive.  Lilly also objects to the definition to the extent it purports to impose any requirements, obligations or duties not prescribed by the Federal Rules of Civil Procedure.  As such, Lilly objects to the definition of the term as encompassing telephone calls, text messages, electronic group chats, and "other exchange of words between two or more people" to the extent that such definition would require the production of transient or ephemeral data, from data sources not reasonably accessible, or the production of such data would be duplicative, unduly burdensome, or the burdens disproportionate to the benefits.  Lilly further objects to the extent that the definition purports to include documents, data, and tangible things that are not reasonably accessible or are not within Lilly's possession, custody, or control.

Lilly objects to Definition F ("Identification," "Identify," or "Identity") on the grounds that the definition is vague and ambiguous and causes requests containing the term to be overly broad, to seek information neither relevant to any claim or defense in this action nor proportional to the needs of this case, and to be unduly burdensome or oppressive. Lilly specifically objects to subparts (d) and (e) of this Definition on the grounds that they are overly burdensome and oppressive and to the extent that they purport to impose any requirements, obligations or duties not prescribed by the Federal Rules of Civil Procedure.

Lilly objects to Definition H ("Prozac" or "fluoxetine") to the extent that the purported definition includes generic fluoxetine—a medication that was never manufactured, distributed, and/or marketed by Lilly. Lilly interprets the defined term to refer only to fluoxetine as sold by Lilly under the brand name Prozac in the United States.

Lilly objects to Definition J ("Off-label") to the extent that it implies that allegations of off-label marketing or promotion are relevant in this case. Plaintiff has not alleged that T.R.'s mother was prescribed Prozac for an off-label use. Lilly further objects to this definition because it relates to information that is beyond the scope of the discovery permitted by the Court's November 5, 2018 Scheduling Order.

## **GENERAL OBJECTIONS**

Lilly makes the following General Objections which are in addition to, and incorporated within, each of the Specific Responses set forth below:

1. Lilly objects to these requests, individually and generally, to the extent they are not limited to the issue of "whether *in utero* exposure to Prozac can cause aortic stenosis or similar cardiac malfunctions," which is the permissible scope of discovery at this time pursuant to the Court's November 5, 2018 Scheduling Order.

2.      Lilly objects to these requests, both individually and as a whole, on the ground that they are overly broad, burdensome, oppressive, and not proportional to the needs of this case.  Prozac is a medication with a history spanning over thirty (30) years.  Throughout that time, hundreds of Lilly employees were involved in various aspects of the design, development, testing, production, labeling, and post-market evaluation, among numerous other activities, relating to Prozac.

3.      Lilly objects to these requests on the ground that no distinction is made between privileged and non-privileged information, documents, and/or trial preparation materials and, therefore, these requests call for information and material which is beyond the scope of permissible discovery and which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges.  In setting forth its responses, Lilly does not waive the attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure that may attach to information called for in, or responsive to, these requests.  Moreover, in responding to all or any portion of any request, Lilly neither admits the existence of any facts set forth or assumed by the request, nor concedes the relevance or materiality of the request or the subject matter to which the request refers.

4.      Lilly objects to these requests to the extent they seek information and/or documents, the disclosure of which would violate privacy rights of non-parties including, but not limited to, those privacy rights guaranteed by the federal and state constitutions, as well as federal and state statutes and regulations.  Lilly objects to the disclosure of personal identifying information pertaining to those who reported adverse events, participated in clinical trials, or took Prozac for any reason at any time.  The federal regulations specifically provide that any state laws to the contrary are preempted.  See 21 C.F.R. § 20.63(f)(2).  Therefore, Lilly is

precluded from producing any personal identifying information in response to these requests. See 21 C.F.R. § 20.63(f); 21 C.F.R. § 803.9; see also Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-2, et seq.  To the extent that documents containing information protected from disclosure by federal or state law are produced, Lilly will redact such documents to remove personal identifying information before such documents are made available to Plaintiff.

   5. Lilly objects to these requests to the extent that the information sought is highly confidential and proprietary and consists of valuable commercial information, trade secrets, or confidential business materials, the disclosure of which would be highly prejudicial to Lilly and the value of which cannot be calculated as money damages.  Lilly objects to these requests to the extent they seek information and/or documents which are protected as trade secrets by applicable law or include proprietary or confidential commercial information or studies provided by investigators that Lilly does not have the right to produce.  Some of the Prozac information and documents requested seek highly sensitive commercial information. Lilly specifically objects to these requests to the extent that they seek information or documents that Lilly has gathered relating to its competitors, which is proprietary, highly confidential, and the disclosure of which would compromise its business interests because, among other reasons, Prozac is a currently distributed medicine.  Consequently, to the extent such information is discoverable, it will be produced subject to the Protective Order.

   6. Lilly objects to these interrogatories to the extent they seek information and/or documents about Prozac only located in countries other than the United States.  Lilly is a United States-based company with headquarters in Indianapolis, Indiana.  Lilly's global pharmacovigilance is coordinated through Lilly's corporate headquarters in the United States.

As a result, such interrogatories are overly broad, harassing, and unduly burdensome, and request documents that are neither relevant to any claim or defense in this action nor proportional to the needs of this case.

7.      Lilly objects to these requests to the extent that they are vague and ambiguous.

8.      Lilly objects to these requests as premature to the extent that they require responses based on information contained in Plaintiff's medical records.  Lilly will identify and produce responsive documents and/or information once Plaintiff has produced medical records sufficient to permit a response to these requests, pursuant to the timetable set forth in the Court's November 5, 2018 Scheduling Order.

9.      Lilly objects to these requests to the extent they require Lilly to collect and/or supply documents and/or information in the public domain or otherwise obtainable by Plaintiff as easily from other sources as from Lilly.

10.     Lilly objects to these requests to the extent they require Lilly to provide confidential, personal information about its employees, clinical trial investigators, and other third parties who have provided confidential, personal information to Lilly, on the grounds that such requests are overly broad, seek information neither relevant to any claim or defense in this action, and seek information not proportional to the needs of this case.

11.     Lilly objects to these requests to the extent that they seek confidential or proprietary information regarding Lilly's information management systems, including, but not limited to, the configuration, organization, and use of such systems.

12.     Lilly objects to these requests to the extent that they purport to impose upon Lilly obligations with respect to the production of information and/or documents different from, or beyond, those imposed by the applicable rules and any Court order.

13.     Lilly objects to these requests to the extent that they presume that Prozac is defective in some manner or that Prozac caused T.R.'s alleged injuries.

14.     Lilly objects to these requests to the extent that they are unintelligible and therefore not susceptible to a meaningful response.

15.     Lilly objects to these requests to the extent they seek information and/or documents about products other than that which was sold under the trade name Prozac, because such requests are overly broad, seek information neither relevant to any claim or defense in this action, and seek information not proportional to the needs of this case.

16.     Lilly objects to these requests to the extent they seek information and/or documents that deal in any way with uses and/or dosages of Prozac which are or were in clinical research and development.  Such requests are overly broad, seek information which is neither relevant to any claim or defense in this action, seek information not proportional to the needs of this case, and may seek commercially sensitive, proprietary information protected from disclosure.  For discovery purposes in this case, however, Lilly will produce non-privileged, safety-related information and documents pertaining to uses of Prozac which are or were in clinical development.  Lilly, however, reserves the right to raise any and all objections to the use or admission of such documents in connection with this case.

17.     Lilly objects to these requests, individually and generally, to the extent they are not properly limited in time because such requests are overly broad, seek information

neither relevant to any claim or defense in this action nor proportional to the needs of this case, and are unduly burdensome and oppressive.

18.   Many of the requests for production seek "all documents" within Lilly's records regarding the topic described in the request.  Prozac is a medication with a history spanning several decades.  During that period, hundreds of Lilly personnel were involved in various aspects of the design, development, testing, production, labeling, and post-market evaluation, among numerous other activities, with respect to Prozac.  Absent a specific showing of need, Plaintiff does not have any legitimate need for files containing "all documents" from hundreds of employees no matter how tenuous their connection with Prozac.  To the extent that any request seeks "all documents," Lilly objects on the ground that the request is overly broad, seeks discovery wholly disproportionate to the claims and defenses, and is unduly burdensome and oppressive.

## <u>LILLY'S SPECIFIC RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

**REQUEST NO. 1:**   Produce a copy of all documents previously produced or to be produced by Lilly in other U.S. lawsuits related to maternal Prozac use and the risk of congenital heart defects.

**RESPONSE:**  Lilly incorporates in General Objections as if set forth fully herein.

Lilly further objects to this request on the grounds that each lawsuit and/or claim regarding

Prozac involved unique facts, including but not limited to, duration of exposure to Prozac,

alleged injuries, risk factors, and conditions treated by Prozac.  Lilly further objects to this

request on the grounds that it seeks information related to lawsuits in which the injuries and side

effects alleged are different from those alleged in the Complaint here.  Therefore, the information

sought by this request is not relevant to the claim or defense of any party and is also beyond the

scope of discovery permitted by the Court's November 5, 2018 Scheduling Order.  Subject to

and without waiving these objections, Lilly will produce the IND/NDA Production and Custodial

File Production described above.

**REQUEST NO. 2:**   Produce all documents referenced in Defendant's initial disclosures in the instant matter pursuant to Rule 26.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein.

Lilly further objects to this request to the extent it seeks documents that are equally available to

Plaintiff, including but not limited to medical records of Plaintiff Timothy Robinson, Non-Party

Gina Robinson and/or Minor Plaintiff T.R., and pertinent published medical literature.  Subject

to and without waiving these objections, Lilly states that it will produce the IND/NDA

Production.

**REQUEST NO. 3:**    Produce the custodial and personnel file of Dr. Tim Garnett, Dr. David Walter Johnson, identified in Defendants' initial disclosures.

-12-

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case, to the extent it seeks information about conditions other than aortic stenosis and similar cardiac malformations. Lilly further objects to this request to the extent it seeks personnel files, on the grounds that personnel files are both irrelevant to the claims and defenses at issue in this action and contain highly sensitive, personal information of Lilly employees. Subject to and without waiving these objections, Lilly will produce custodial files of Dr. Tim Garnett and Dr. David Walter Johnson as part of its Custodial File Production.

**REQUEST NO. 4:**   Produce all adverse event data, foreign and domestic, relating to Prozac concerning congenital heart disease; pulmonary hypertension; ventricular septal defects; atrial septal defects; supra valvular aortic stenosis; and/or any other similar cardiac malfunction.

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case, to the extent it seeks information about conditions other than aortic stenosis and similar cardiac malformations. Subject to and without waiving these objections, Lilly states that adverse event data regarding Prozac and cardiac birth defects was reported to FDA and can be located in Lilly's IND/NDA Production.

**REQUEST NO. 5:**   Produce all documents which relate, refer to, or embody draft or final Signal Investigations and/or Signal Assessments involving maternal Prozac use and congenital heart defects.

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to

-13-

the needs of this case to the extent it seeks information about conditions other than aortic stenosis and similar cardiac malformations.  Lilly further objects to the terms "Signal Investigations' and "Signal Assessments" as vague and ambiguous.   Lilly further objects to this request as overly broad and burdensome and not proportional to the needs of this case to the extent it seeks "all documents" which "relate, refer to, or embody draft or final" Signal Investigations and Signal Assessments because it requires Lilly to search the files of every single Lilly employee who potentially communicated or received information about signal investigations and assessments regarding Prozac and congenital heart defects.  Subject to and without waiving these objections, Lilly will produce previously-produced reports from Lilly's signal-detection tool relating to Prozac and cardiac birth defects.  Lilly states that additional responsive documents, to the extent they exist, can be located in the IND/NDA Production and the files of safety personnel produced as part of Lilly's Custodial File Production.

**REQUEST NO. 6:**   Produce all documents relating in any way to the original FDA approval of Prozac and/or any supplemental approvals related in any way to maternal Prozac use.

**RESPONSE:**   Lilly incorporates its General Objections as if set forth fully herein.  Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case to the extent that it seeks "all documents relating in any way to maternal Prozac use," without limitation as to documents related to aortic stenosis or similar malformations.  Subject to and without waiving these objections, Lilly directs Plaintiff to the IND/NDA Production, which contains materials responsive to this request.

**REQUEST NO. 7:**   Produce all draft and final clinical study reports, including appendices and case report forms, relating to maternal Prozac use.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein.  Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case to the extent that it seeks all documents "relating to maternal Prozac use," without limitation as to documents related to aortic stenosis or similar malformations.  Lilly further objects to this request to the extent it seeks information in the public domain which is equally available to Plaintiff.  Subject to and without waiving these objections, Lilly directs Plaintiff to the IND/NDA Production and to the files of the safety and medical custodians produced as part of Lilly's Custodial File Production.

**REQUEST NO. 8:**    Produce all Product Information Requests, Physician Information Requests, Professional Inquiry Requests, or other materials evidencing communications from company sales representatives or healthcare providers relating to maternal Prozac use during pregnancy and congenital heart defects.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case to the extent it seeks information about conditions other than aortic stenosis and similar cardiac malformations.    Lilly further objects to the terms "Product Information Requests," "Physician Information Requests," and "Professional Inquiry Requests" as vague and ambiguous.  Lilly further objects to this request as unduly burdensome and not proportional to the needs of this case to the extent that it seeks all communications from all company sales representatives and healthcare providers regarding Prozac and congenital heart defects.  Subject to and without waiving these objections, Lilly will produce copies of Medical Information Letters relating to Prozac and cardiac birth defects that Lilly made available to healthcare providers, as previously produced in prior litigation involving Prozac and cardiac birth defects.

-15-

**REQUEST NO. 9:**    Produce all documents which relate, refer to, or embody adverse event reports received from any source relating to maternal Prozac use during pregnancy and congenital heart defects, including but not limited to underlying reports, internal communications, and follow-up attempts.

**RESPONSE:**   Lilly incorporates its General Objections as if set forth fully

herein.  Lilly further objects to this request as beyond the scope of discovery permitted by the

Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to

the needs of this case to the extent it seeks information about conditions other than aortic stenosis

and similar cardiac malformations.  Lilly further objects to this request to the extent that it seeks

documents underlying and surrounding adverse event reports.  Such documents are irrelevant, or

are at least of such minimal relevance that the burden of producing such documents far

outweighs the benefit.  Among other reasons, producing these documents is burdensome because

it would require painstaking review and redaction of the documents for confidential patient-

identifying information.   Subject to and without waiving these objections, Lilly states that

adverse event data regarding Prozac and cardiac birth defects was reported to FDA and can be

located in Lilly's IND/NDA Production.

**REQUEST NO. 10:**  Produce all documents which relate, refer to or embody the addition or revision of information related to maternal Prozac use during pregnancy to the product label for Prozac.

**RESPONSE:**    Lilly incorporates its General Objections as if fully set forth

herein.  Lilly further objects to this request as beyond the scope of discovery permitted by the

Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to

the needs of this case to the extent that it seeks all documents "related to maternal Prozac use,"

without limitation as to documents that relate to aortic stenosis or similar malformations.  Lilly

further objects to the term "label" as vague and ambiguous, and objects to this request to the

extent it seeks information about the approved prescribing information in countries other than the

-16-

United States.  Subject to and without waiving these objections, Lilly directs Plaintiff to the

IND/NDA Production and to the files of regulatory custodians produced as part of Lilly's

Custodial File Production.

**REQUEST NO. 11:**  Produce all documents which relate, refer to or embody the 2012
BMJ article "Exposure to selective serotonin reuptake inhibitors and the risk of congenital
malformations: a nationwide cohort study", and/or the 2015 BMJ article "Selective serotonin
reuptake inhibitors and venlafaxine in early pregnancy and risk of birth defects: population based
cohort study and sibling design", including but not limited to communications with the authors
of the referenced studies or attempts to communicate with the authors of the referenced studies.

**RESPONSE:**   Lilly incorporates its General Objections as if set forth fully

herein.  Lilly further objects to this request as overly burdensome, not properly limited in time,

and not proportional to the needs of this case because it requires Lilly to search the files of every

single Lilly employee who potentially received or communicated about these studies.  Lilly

further objects to this request as beyond the scope of discovery permitted by the Court's

November 5, 2018 Scheduling Order and as overly burdensome and not proportional to the needs

of this case to the extent it seeks information about conditions other than aortic stenosis and

similar cardiac malformations.  Subject to and without waiving these objections, Lilly states that

if documents responsive to this request were collected and previously produced in the files in the

individuals identified in the "Scope of Document Production" above, they can be located in

Lilly's Custodial File Production.

**REQUEST NO. 12:**  Produce all documents in your possession, custody, or control
which relate, refer to, or embody any published study or abstract related to maternal Prozac use
and congenital heart defects.

**RESPONSE:**   Lilly incorporates its General Objections as if set forth fully

herein.  Lilly further objects to this request as beyond the scope of discovery permitted by the

Court's November 5, 2018 Scheduling Order and as overly burdensome and not proportional to

the needs of this case to the extent it seeks information about conditions other than aortic stenosis

-17-

and similar cardiac malformations.  Lilly further objects to this request as overly broad and

burdensome and not proportional to the needs of this case because it requires Lilly to search the

files of every single Lilly employee who potentially received or communicated about studies

relating to Prozac and congenital heart defects.  Lilly further objects to this request to the extent

it seeks information that is equally available to Plaintiff.  Subject to and without waiving these

objections, Lilly directs Plaintiff to the IND/NDA Production, including PSURs and Annual

Reports, and the Custodial File Production, which contain documents responsive to these

requests.

**REQUEST NO. 13:**  Produce all documents which relate, refer to or embody the
Medicines and Healthcare Products Regulatory Agency ("MHRA") UK September 2011 Public
Assessment Report "Fluoxetine: may slightly increase risk of heart defects in an unborn child if
taken during pregnancy", including but not limited to communications with the MHRA.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein,

including but not limited to General Objection number 6.  Lilly further objects to this request as

overly burdensome because it requires Lilly to search the files of every single Lilly employee

who potentially received or communicated about this report.  Subject to and without waiving

these objections, Lilly states that any documents responsive to this request that were collected

and previously produced in the files of the individuals identified in the "Scope of Document

Production" above can be located in Lilly's Custodial File Production.

**REQUEST NO. 14:**  Produce all documents which relate, refer to, or embody any
communication, report or inquiry between Defendant and the MHRA, National Institutes of
Health (NIH), World Health Organization (WHO), the FDA, or any Foreign Government
Regulatory Authority in regard to Prozac use during pregnancy and congenital heart defects.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein.

Lilly further objects to the phrase "any Foreign Government Regulatory Authority" as vague and

ambiguous.  Lilly further objects to this request as overly broad and not proportional to the needs

of this case to the extent that it seeks communications, reports, or inquires by "any Foreign

Government Regulatory Authority."   Lilly further objects to this request as beyond the scope of

discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly

burdensome and not proportional to the needs of this case to the extent it seeks information about

conditions other than aortic stenosis and similar cardiac malformations.  Lilly further objects to

this request to the extent that it seeks information about the actions of foreign regulatory

authorities.  Each country applies its own unique laws and policies with respect to regulation of

medicines, derived from diverse cultural, political, regulatory, and medical factors.  Actions

taken by foreign regulatory bodies regarding Prozac, consistent with each country's regulatory

scheme, do not tend to prove or disprove whether Prozac causes aortic stenosis or similar cardiac

malformations.  Lilly further objects to this request to the extent it seeks information in the

public domain that is equally available to Plaintiff.

   Subject to and without waiving the foregoing objections, Lilly states that it is not

aware of any communications, reports or inquiries between Lilly and the WHO or NIH relating

to Prozac and cardiac birth defects.  With respect to communications, reports or inquiries

between Lilly and the FDA regarding Prozac and cardiac birth defects, Lilly directs Plaintiff to

the IND/NDA Production and the Custodial File Production, which contain information

responsive to this request.  Lilly further states that (1) in 2005, the Australian regulatory

authority (TGA) requested data on Prozac and cardiac birth defects in women who used Prozac

during the first trimester; (2) in 2005, the United Kingdom regulatory authority (MHRA)

requested an evaluation of pregnancy data from the Prozac spontaneous adverse event database;

and (3) in 2009, the MHRA requested a meta-analysis of available epidemiological data

regarding first-trimester fluoxetine exposure and the potential risk of congenital malformations

with a focus on CV defects.  Lilly will produce the requests by the TGA and MHRA and its responses thereto.

**REQUEST NO. 15:**  Produce all documents which relate, refer to, or embody follow-up or long-term study of participants in any clinical studies regarding Prozac or fluoxetine, including but not limited to safety and efficacy results obtained after approval of the NDA or ANDA, or after conclusion of the initial study period.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case to the extent that it seeks all documents relating to any studies regarding Prozac or fluoxetine, without limitation as to studies that relate to aortic stenosis or similar malformations.  Subject to and without waiving the foregoing objections, Lilly directs Plaintiff to the IND/NDA Production and Custodial File Production, which contain documents responsive to this request.

**REQUEST NO. 16:**  Produce all investigator's brochures for any pre-clinical and/or clinical trials of Prozac sponsored by Eli Lilly.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case to the extent that it seeks investigators' brochures for any Prozac clinical trials or pre-clinical trials, without limitation as to whether the studies relate to aortic stenosis or similar malformations.  Subject to and without waiving these objections, Lilly directs Plaintiff to the IND/NDA Production, which contains information responsive to this request.

**REQUEST NO. 17:**  Produce all study protocols for any pre-clinical and/or clinical trials of Prozac sponsored by Eli Lilly.

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case to the extent that it seeks study protocols for any Prozac clinical trials or pre-clinical trials, without limitation as to whether the studies relate to aortic stenosis or similar malformations. Lilly further objects to this request to the extent it seeks information that is publicly available, and equally available to Plaintiff. Subject to and without waiving these objections, Lilly directs Plaintiff to the IND/NDA Production, which contains information responsive to this request.

**REQUEST NO. 18:** Produce all draft and final study reports for any pre-clinical and/or clinical trials of Prozac sponsored by Eli Lilly.

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the needs of this case to the extent that it seeks reports for any Prozac clinical trials or pre-clinical trials, without limitation as to whether the studies relate to aortic stenosis or similar malformations. Lilly further objects to this request to the extent it seeks information that is publicly available, and equally available to Plaintiff. Subject to and without waiving these objections, Lilly directs Plaintiff to the IND/NDA Production and the Custodial File Production, which contain information responsive to this request.

**REQUEST NO. 19:** Produce all investigator's brochures for any post-marketing studies of Prozac sponsored by Eli Lilly.

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as beyond the scope of discovery permitted by the Court's

November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the

needs of this case to the extent that it seeks investigators' brochures for any Prozac post-

marketing studies, without limitation as to whether the studies relate to aortic stenosis or similar

malformations.  Subject to and without waiving these objections, Lilly directs Plaintiff to the

IND/NDA Production, which contains information responsive to this request.

**REQUEST NO. 20:**  Produce all study protocol for any post-marketing studies of
Prozac sponsored by Eli Lilly.

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein.

Lilly further objects to this request as beyond the scope of discovery permitted by the Court's

November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the

needs of this case to the extent that it seeks study protocols for any Prozac post-marketing

studies, without limitation as to whether the studies relate to aortic stenosis or similar

malformations.  Lilly further objects to this request to the extent it seeks information that is

publicly available, and equally available to Plaintiff.  Subject to and without waiving these

objections, Lilly directs Plaintiff to the IND/NDA Production, which contains information

responsive to this request.

**REQUEST NO. 21:**  Produce all draft and final study reports for any post-marketing
studies of Prozac sponsored by Eli Lilly.

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein.

Lilly further objects to this request as beyond the scope of discovery permitted by the Court's

November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the

needs of this case to the extent that it seeks reports for any post-marketing studies, without

limitation as to whether the studies relate to aortic stenosis or similar malformations.  Lilly

further objects to this request to the extent it seeks information that is publicly available, and

equally available to Plaintiff.  Subject to and without waiving these objections, Lilly directs

Plaintiff to the IND/NDA Production and the Custodial File Production, which contain

information responsive to this request.

**REQUEST NO. 22:**  If you contend that any of the injuries complained of in Plaintiff's
Complaint were caused by or contributed to by the Plaintiff or any other person or entity,
including any other physician, hospital, nurse, other health care provider, third-party,
manufacturer or event, produce any and all documents upon which you base or support your
claim.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein.

Lilly further objects to this request as premature and beyond the scope of the discovery permitted

by the Court's November 5, 2018 Scheduling Order.

**REQUEST NO. 23:**  Produce any and all documents upon which you base or support
your claim that Prozac did not cause or contribute to Plaintiff's injuries.

**RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein.

To the extent this request seeks information about Lilly's position on specific causation, Lilly

further objects to this request as premature and beyond the scope of the discovery permitted by

the Court's November 5, 2018 Scheduling Order, and Lilly will require case-specific discovery

in order to respond to this request.  Lilly further objects to this request as premature to the extent

that it calls for expert opinion, which is discoverable pursuant to the timetable set forth in the

Court's November 5, 2018 Scheduling Order.  Subject to and without waiving these objections,

Lilly states that the published medical literature does not support the position that in utero

exposure to Prozac is capable of causing supravalvular aortic stenosis.

**REQUEST NO. 24:**  Produce any requests by any health authority or governmental
organization, including but not limited to the National Institutes of Health (NIH), World Health
Organization (WHO), and US Food and Drug Administration (FDA), to investigate the effects of
maternal use of Prozac, as well as any responsive materials submitted including drafts.

-23-

**RESPONSE:** Lilly incorporates its General Objections as if set forth fully herein. Lilly further objects to this request as overly broad and not proportional to the needs of this case to the extent that it seeks "requests by any health authority or governmental authority." Lilly further objects to the term "governmental organization" as vague and ambiguous. Lilly further objections to the phrase "effects of maternal use of Prozac" as vague and ambiguous, such that Lilly cannot provide a meaningful response. Lilly further objects to the phrase "effects of maternal use of Prozac" to the extent it seeks information about conditions other than aortic stenosis and similar cardiac malformations, and thus exceeds the scope of discovery permitted by the Court's November 5, 2018 Scheduling Order. Lilly further objects to this request to the extent that it seeks information about the actions of foreign regulatory authorities. Each country applies its own unique laws and policies with respect to regulation of medicines, derived from diverse cultural, political, regulatory, and medical factors. Actions taken by foreign regulatory bodies regarding Prozac, consistent with each country's regulatory scheme, do not tend to prove or disprove whether Prozac causes aortic stenosis or similar cardiac malformations. Lilly further objects to this request to the extent it seeks information in the public domain that is equally available to Plaintiff.

Subject to and without waiving the foregoing objections, Lilly states that it is not aware of any requests by the WHO or NIH relating to Prozac and cardiac birth defects. With respect to any requests by the FDA regarding Prozac and cardiac birth defects, Lilly directs Plaintiff to the IND/NDA Production and the Custodial File Production, which contain information responsive to this request. Lilly further states that (1) in 2005, the Australian regulatory authority (TGA) requested data on Prozac and cardiac birth defects in women who used Prozac during the first trimester; (2) in 2005, the United Kingdom regulatory authority

(MHRA) requested an evaluation of pregnancy data from the Prozac spontaneous adverse event

database; and (3) in 2009, the MHRA requested a meta-analysis of available epidemiological

data regarding first-trimester fluoxetine exposure and the potential risk of congenital

malformations with a focus on CV defects.  Lilly will produce the requests by the TGA and

MHRA and its responses thereto.


     **REQUEST NO. 25:**  If you contend a causal relationship between maternal Prozac use
and congenital heart defects is not biologically plausible, produce any and all documents upon
which you base or support your claim.

     **RESPONSE:**  Lilly incorporates its General Objections as if set forth fully herein.

Lilly further objects to this request as beyond the scope of discovery permitted by the Court's

November 5, 2018 Scheduling Order and as unduly burdensome and not proportional to the

needs of this case to the extent it seeks information about conditions other than aortic stenosis

and similar cardiac malformations.   Lilly further objects to this request as premature to the

extent that it calls for expert opinion, which is discoverable pursuant to the timetable set forth in

the Court's November 5, 2018 Scheduling Order.  Subject to and without waiving these

objections, Lilly states that the published medical literature does not support the position that a

causal relationship between in utero exposure to Prozac and cardiac birth defects is biologically

plausible.  Lilly further directs Plaintiff to the IND/NDA Production, which contains information

responsive to this request.

Dated: January 11, 2018
/s/ Carol Dan Browning
Carol Dan Browning
Stites & Harbison
400 W. Market Street, Suite 1800
Louisville, KY 40202-3352
cbrowning@stites.com
502-681-0516

Andrew Kantra
*Admitted Pro Hac Vice*
Pepper Hamilton LLP
Eighteenth and Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103-2799
kantraa@pepperlaw.com
(215) 981-4000

*Attorneys for Defendant Eli Lilly
and Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on the 11th day of January, 2019 via electronic mail and regular mail upon the following:

Alex C. Davis
Jasper D. Ward IV
Jones Ward PLC
1205 E. Washington St., Suite 111
Louisville, KY  40206
Alex@jonesward.com
Jasper@jonesward.com
*Attorneys for Plaintiff*

*/s/ Carol Dan Browning*
Attorney for Defendant
Eli Lilly and Company

-26-