**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

| | |
|---|---|
| TIMOTHY ROBINSON *on behalf of T.R., a minor child*,<br><br>    Plaintiff,<br><br>v.<br><br>ELI LILLY AND CO.,<br><br>    Defendant. | CIVIL ACTION NO. 5:17-338-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion for a protective order preventing Plaintiff from deposing Dr. James Krull and a Rule 30(b)(6) designee from Defendant's Pregnancy and Teratogenicity Safety Committee ("PTSC") (DE 29). For the reasons set forth below, the Court GRANTS Defendant's motion.

## BACKGROUND

On November 5, 2018, the Court entered a scheduling order that bifurcated discovery in this case (DE 20). Pursuant to that order, the first phase of discovery is cabined to the issue of general causation: "whether *in utero* exposure to Prozac can cause aortic stenosis or similar cardiac malfunctions." (DE 20 at 2) As the Court explained, "addressing general causation before considering Plaintiff-specific issues will best ensure the most efficient resolution of these actions and use of the parties' and the Court's resources." (DE 20 at 2). That order notwithstanding, on July 19, 2019 Plaintiff noticed Dr. James Krull, an Eli Lilly surveillance scientist, as well as the chairperson of the PTSC (DE 29 at 4, 29-3 at 3). On July 26, 2019, Plaintiff filed this motion for a protective order (DE 29).

1

## ANALYSIS

Under Fed. R. Civ. P. 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The burden of establishing good cause for a protective order rests with the movant," and, to demonstrate good cause, a movant "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (internal quotation marks omitted). However, that standard does not require a court to deny a motion for a protective order where a noticed deposition would apparently violate a discovery order. *See, e.g., Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, No. 11-CV-75-JBC, 2011 WL 6056599, at *2 (E.D. Ky. Dec. 6, 2011) (denying a motion for a protective order but limiting the depositions to topics related to the first phase of discovery). A movant can satisfy Rule 26(c)'s "good cause" requirement by showing that the proposed discovery is irrelevant. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (quoting *Smith v. Dowson*, 158 F.R.D. 138, 140-42 (D. Minn. 1994)).

Defendant argues that the depositions of these two employees would be irrelevant to the issue of general causation, and that Plaintiff is attempting here to seek "discovery from company witnesses on topics such as notice, failure to warn and failure to investigate, which are relevant only if the case progresses to the liability phase." (DE 29 at 1-2) According to Defendant, Dr. Krull possess knowledge which "may be relevant to the types of information that Lilly evaluated… but is irrelevant to the threshold issue of whether Prozac is capable of causing aortic stenosis or similar cardiac malfunctions." (DE 29 at 4) As for the designee of the PTSC, Defendant argues,

essentially, that the work of that committee is not relevant to the causation question, and that Plaintiff has no meaningful basis on which to believe otherwise. According to Defendant, citing the deposition of Dr. Timothy Garnett, Eli Lilly's Chief Medical Officer, the PTSC is an "ad hoc committee," has purportedly only met once to "discuss data on Prozac and birth defects," "did not make a determination relevant to general causation," and, regardless, "plaintiff's expert certainly has access to the studies" which the PTSC reviewed during that meeting (DE 29 at 4-5).[1]

Plaintiff claims, also citing Dr. Garnett's deposition, that a team "led by James Krull" has gathered "a wealth of information regarding cardiac birth defects in the Prozac patient population," (DE 35 at 1) and that Dr. Krull was "in charge of the team responsible for Eli Lilly's pharmacovigilance related to Prozac." (DE 35 at 3) According to Plaintiff, although Dr. Garnett "was aware" of the PTSC's purported discussions related to Prozac, "he had limited knowledge of the content of those discussions." (DE 35 at 3) Plaintiff argues that Defendant generally "cannot prove that the information Dr. Krull and the [PTSC] possess is irrelevant to whether *in utero* exposure to Prozac can cause cardiac birth defects such as aortic stenosis," and has not satisfied the "good cause" requirement of Rule 26(c) (DE 35 at 2).

The Court finds that Defendant has sufficiently demonstrated that the depositions at issue here are irrelevant to the first phase of discovery, and that Plaintiff has failed to show otherwise. The Court is unconvinced that the deposition testimony of either Dr. Krull or a representative of the PTSC would address the narrow issue of general causation. Plaintiff's sole expert in this case, Dr. Thomas Sadler, has already issued his report and has been deposed on the issue of general causation (DE 39 at 1). As Defendant highlights, there has been no indication that Dr. Sadler

---

[1] Along with its motion, Defendant filed under seal the partially redacted minutes from the meeting at issue (DE 32), which the Court has reviewed.

required further information from Dr. Krull or a representative of the PTSC (DE 39 at 1). Since the "causation [inquiry] involve[s] scientific assessments that must be established through the testimony of a medical expert," *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 677 (6th Cir. 2011), the depositions of Defendant's employees seem irrelevant to the first phase of discovery. *See also Hans v. Matrixx Initiatives, Inc.*, No. 3:04-CV-540, 2007 WL 2668594, at *3 (W.D. Ky. Sept. 6, 2007) (applying Kentucky law).

## CONCLUSION

Accordingly, the Court hereby ORDERS that Defendant's motion for a protective order is GRANTED.

Dated October 1, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY